United States District Court
Southern District of Texas
**ENTERED**
March 19, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY DEAN GILL, (TDCJ–CID #1805301) Petitioner, | § § § § § | CIVIL ACTION NO 4:21-cv-02747 |
| vs. | § § § § | JUDGE CHARLES ESKRIDGE |
| BOBBY LUMPKIN, Respondent. | § § § | |

**MEMORANDUM ON DISMISSAL**

Petitioner Larry Dean Gill fails to state grounds warranting relief on petition for a writ of *habeas corpus*. His petition is denied. Dkt 1.

1. Background

Petitioner is an inmate in the Diboll Unit of the Texas Department of Criminal Justice—Correctional Institutions Division. He pleaded guilty to the felony offense of aggravated sexual assault of a child under fourteen in August 2012. The 176th Judicial District Court of Harris County, Texas sentenced him to a prison term of fifteen years in Cause Number 133307301010.

The Harris County District Clerk website shows that Petitioner filed a state application challenging the denial of release to parole in February 2021. The state trial court entered findings of fact and conclusions of law in March 2021. The Texas Judicial Branch website shows that the Texas Court of Criminal Appeals denied relief on findings of the trial court and on its independent review of the record in May 2021.

Petitioner filed his federal petition for a writ of *habeas corpus* under 28 USC §2254 in August 2021. Dkt 1. He

contends that (i) the Texas Court of Criminal Appeals abused its discretion in applying the findings of fact from the state trial court, (ii) Texas Government Code §508.145(d) mandated his release after he served one-half of his fifteen-year sentence, (iii) the State of Texas violated Texas Government Code §508.145(d) that created a vested liberty interest in his good-time credits, and (iv) the Texas Board of Pardons and Paroles violated his right to due process by refusing to release him on parole. Dkt 1 at 6.

### 2. Legal standard

A district court may dismiss a §2254 petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v Johnson*, 163 F3d 326, 328 (5th Cir 1999), quoting 28 USC foll §2254, Rule 4.

The Antiterrorism and Effective Death Penalty Act of 1996 precludes federal relief on *habeas corpus* where the claim concerns a question of fact unless the state court's adjudication of the merits was based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 USC §2254(d)(2); see also *Martinez v Caldwell*, 644 F3d 238, 241–42 (5th Cir 2011) (quotations omitted). A state court's factual determinations are "presumed to be correct" unless the petitioner rebuts those findings with "clear and convincing evidence." 28 USC §2254(e)(1).

### 3. Analysis

Petitioner proceeds here *pro se*. He doesn't attack his conviction. His arguments are construed to assert that (i) the Texas Court of Criminal Appeals abused its discretion in denying relief, (ii) he has a statutory right to be released on parole after serving one-half of his fifteen-year sentence, and (iii) the Texas Board of Pardons and Paroles denied his right to due process by refusing to release him on parole. Dkt 1 at 6.

> a. State court findings of fact

The state court on application by Petitioner for *habeas corpus* relief made findings of fact. It found in pertinent part:

> Applicant's Claims
>
> 5. In his sole ground for relief, the applicant claims the parole board violated his due process rights by failing to abide by Tex. Gov't Code § 508.145(d) in denying his release to parole. *Applicant's Writ at 6*.
>
> 6. The applicant states the parole board denied his parole on June 19, 2019, and set the next parole review date in May 2022. *Applicant's Writ Memorandum at 1*.
>
> 7. The applicant argues that Section 508.145(d) vests him with a liberty interest in his earned good-conduct time and mandates his release after serving one-half of his 15-year sentence. *Id. at 2*.
>
> 8. The applicant states he met this criteria, served half of his sentence, and expected to be released per the statute. *Id. at 2*.
>
> Applicant's Case Information
>
> 9. The applicant was sentenced to 15 years on August 22, 2012, and provided pre-sentence jail credit from January 13, 2012 to August 22, 2012. *State's Writ Exhibit A, Judgment of Conviction*.
>
> 10. Thus, for purposes of sentence calculation, the applicant's sentence effectively began on January 13, 2012.
>
> 11. The applicant was subsequently denied parole on June 18, 2019. *State's Writ Exhibit B, TCDJ Parole Review Information*.
>
> 12. Thus, the applicant had served roughly half of his 15-year sentence by the time he

3

was reviewed for and denied parole: 1/13/2012 (sentence start date) – 6/18/2019 (parole denial) = 7 years, 5 months.

13. The applicant was considered for review in accordance with Tex. Gov't Code § 508.145, when he had served one-half of his sentence.

14. The applicant fails to show the parole board violated Section 508.145.

The state court made the following conclusions of law:

1. In a habeas corpus proceeding, the burden of proof is on the applicant to plead and prove facts which entitle him to habeas relief by a preponderance of the evidence. *Ex parte Rains*, 555 S.W.2d 478, 481 (Tex. Crim. App. 1977).

2. An inmate serving a sentence for aggravated sexual assault is not eligible for release on parole until the inmate's actual calendar time served, without consideration of good conduct time, equals one-half of his sentence, or 30 years, whichever is less. Tex. Gov't Code § 508.145(d)(l)(A), (2).

3. The applicant fails to show that Section 508.145 does anything more than set timeframes for eligibility to be released; it does not mandate or guarantee release to parole. *See* Tex. Gov't Code § 508.145.

4. Parole is the discretionary and conditional release of an eligible inmate sentenced to an institutional division; an inmate is not entitled to parole. Tex. Gov't Code § 508.001 (6).

5. An inmate does not have a liberty interest in being released to parole protected by the Due Process Clause. *Ex*

> *parte Geiken*, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000).
>
> 6. Only constitutional, fundamental, and jurisdictional claims are cognizable in an application for writ of habeas corpus. *Ex parte Graves*, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002).
>
> 7. The applicant fails to show he has a liberty interest in being released to parole.
>
> 8. The applicant fails to show his due process rights were violated.
>
> Conclusion
>
> 9. The applicant has not met his burden of proving, by a preponderance of the evidence, facts that entitle him to relief. The trial court recommends the Court of Criminal Appeals deny this writ application.

https://www.hcdistrictclerk.com/Common/Default.aspx (password required).

These factual findings by the state court are "presumed to be correct" unless Petitioner rebuts them with "clear and convincing evidence." 28 USC §2254(e)(1). He doesn't meet that burden.

Petitioner hasn't asserted an error in the state proceeding affecting the deference owed to the state court's findings in such *habeas corpus* proceedings. The infirmities alleged as to those proceedings don't constitute grounds for *habeas corpus* relief in federal court. See *Hallmark v Johnson,* 118 F3d 1073, 1080 (5th Cir 1997), cert denied, 118 S Ct 576 (1997); *Nichols v Scott,* 69 F3d 1255, 1275 (5th Cir 1995). Petitioner thus hasn't shown a basis for granting relief on his federal petition.

      b.  Release on parole

The United States Supreme Court holds that a state prisoner doesn't have a federal constitutional right to obtain release from confinement prior to the expiration of

his sentence. See *Board of Pardons v Allen*, 482 US 369, 378 n 10 (1987). Likewise, states have no duty to establish a parole system, and so a prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v Nebraska Penal and Correctional Complex*, 442 US 1, 7–8 (1979).

In line with this, the Fifth Circuit holds that there's no right to be released on parole under Texas law. *Madison v Parker*, 104 F3d 765, 768 (5th Cir 1997), citing Tex Crim P Code Ann art 42.18, §8(a) and *Allison v Kyle*, 66 F3d 71 (5th Cir 1995). It likewise holds it to be "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson v Rodriguez*, 110 F3d 299, 308 (5th Cir) (collecting cases), cert denied, 522 US 995 (1997). Specifically, the Fifth Circuit holds that prisoners "cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v Kyle*, 65 F3d 29, 32 (5th Cir 1995, *per curiam*), cert denied, 516 US 1059 (1996).

To the extent that he complains regarding any denial of release on parole, Petitioner fails to establish a protected liberty interest. The Board denied Petitioner parole upon its determination with respect to his future dangerousness. See below, section 3.c. That determination isn't subject to question on federal *habeas corpus* review. *Orellana v Kyle*, 65 F3d 29, 32 (5th Cir 1995, *per curiam*), cert denied, 516 US 1059 (1996).

   c. Release on mandatory supervision

Some inmates in Texas are entitled to early release under a mandatory supervision program in which a prisoner sentenced to the institutional division can serve the remainder of his term outside the prison—not on parole, but under the supervision and control of the Texas Board of Pardons and Paroles. *Madison*, 104 F3d at 768, citing Tex Crim P Code art 42.18, §2(2). Prisoners can earn good-time credits that are added to their actual days served

in prison to calculate such release date. Tex Govt Code §508.147(a).

The Fifth Circuit has determined that prisoners have a constitutional expectation of early release under the mandatory-supervision program and therefore have a liberty interest with respect to their good-time credits. *Malchi v Thaler*, 211 F3d 953, 957–58 (5th Cir 2000); see also *Teague v Quarterman*, 482 F3d 769, 776–77 (5th Cir 2007) (citations omitted) (same conclusion as to amended version of law). But prisoners who commit certain offenses are excluded from eligibility for this privilege. See Tex Govt Code §508.149(a) (listing offenses).

Petitioner is serving a sentence for the offense of aggravated sexual assault of a child under fourteen. At the time he was incarcerated, conviction for aggravated sexual assault of a child under fourteen was one such disqualification from early release under the mandatory-supervision program. See Tex Govt Code §508.149(a)(8) (2012), read together with Tex Penal Code §22.021 (2012). He is thus ineligible for mandatory supervision. Texas law provides:

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>
> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> *(2) the inmate's release would endanger the public.*
>
> (c) A parole panel that makes a determination under Subsection (b) shall specify in writing the reasons for the determination.
>
> (d) A determination under Subsection (b) is not subject to administrative or judicial review, except that the parole panel making the determination shall reconsider the inmate for release to mandatory

7

> supervision at least twice during the two years after the date of the determination.

Tex Govt Code §508.149(b)–(d) (emphasis added).

Petitioner states that the Board denied parole in June 2019. His next parole review date was set for May 2022. He states that he was "denied parole under 2D." Dkt 4 at 2.

The Harris County Clerk's website shows that the Texas Board of Pardons and Paroles denied Petitioner release on parole for the following reason:

> Denial reason(s): 2D
>
> 2D NATURE OF OFFENSE – THE RECORD INDICATES THE INSTANT OFFENSE HAS ELEMENTS OF BRUTALITY, VIOLENCE, ASSAULTIVE BEHAVIOR, OR CONSCIOUS SELEC-TION OF VICTIM'S VULNERABILITY INDICATING A CONSCIOUS DISRE-GARD FOR THE LIVES, SAFETY, OR PROPERTY OF OTHERS, SUCH THAT THE OFFENDER POSES A CONTINU-ING THREAT TO PUBLIC SAFETY.

https://www.hcdistrictclerk.com/Common/Default.aspx.

Also in this regard, Petitioner appears to complain that prison officials erred in applying Texas House Bill 1433 when considering his eligibility for release on mandatory supervision. Dkt 4 at 6. But HB 1433 didn't give parole panels any additional authority to *grant* mandatory supervision. It instead in pertinent part granted parole panels discretion to *deny* mandatory supervision to otherwise-eligible prisoners if they determined that the prisoners' good-conduct time didn't accurately reflect their potential for rehabilitation and their release would endanger the public. See *Ex parte Hill*, 208 SW3d 462, 464 n 11 (Tex Crim App 2006).

And again, Petitioner is simply ineligible for mandatory supervision. The TDCJ correctly applied HB 1433 when it denied him early release.

8

4. Certificate of appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 USC §2253(c)(2). This requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v McDaniel*, 529 US 473, 484 (2000).

The Court finds that jurists of reason wouldn't debate whether any assessment of the constitutional claims in this case was correct. As such, Petitioner hasn't made the necessary showing to obtain a certificate of appealability.

A certificate of appealability will be denied.

5. Conclusion

The petition by Larry Dean Gill for a federal writ of *habeas corpus* is DENIED. Dkt 1.

This case is DISMISSED WITH PREJUDICE. The motion to proceed *in forma pauperis* is GRANTED. Dkt 2.

Any other remaining motions are DENIED AS MOOT.

A certificate of appealability is DENIED.

SO ORDERED.

Signed on March 19, 2024, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge